UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUTH MOREHOUSE,

    Plaintiff,

v.                                         Case No: 8:15-cv-2137-T-36JSS

NETWORK CAPITAL FUNDING
CORPORATION,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR**
**ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY**

THIS MATTER is before the Court on Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests. (Dkt. 27.) Defendant moves the Court to extend the time for Defendant to respond to Plaintiff's discovery requests until fourteen days after a ruling on Defendant's Motion to Stay. In response, Plaintiff asserts that an extension is unwarranted based on the particulars of this case, as the challenges raised in Defendant's Motion to Stay do not impact this case and a stay would unnecessarily delay proceedings. (Dkt. 28.) For the reasons that follow, the Court denies Defendant's Motion for Enlargement of Time.

**BACKGROUND**

Plaintiff, Ruth Morehouse, sued Defendant, Network Capital Funding Corp., on September 14, 2015, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Dkt. 1.) In her Complaint, Plaintiff claims that Defendant intentionally harassed and abused Plaintiff on numerous occasions by using an auto-dialer to contact Plaintiff on her cellular phone without her prior express consent. (Dkt. 1, ¶ 11–12.) On October 26, 2015, Defendant filed a Motion to Stay, seeking to stay this lawsuit pending the Supreme Court's decision in *Spokeo, Inc.*

*v. Robins*, 135 S. Ct. 1892 (2015), and the appellate court's decision on the appeal of a Federal Communications Commission ("FCC") declaratory ruling and order, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 2015 WL 4387780 (July 10, 2015).  (Dkt. 14.)

Specifically, the Supreme Court granted certiorari in *Spokeo* to address whether a plaintiff who suffers no concrete harm but merely asserts a bare violation of a federal statute has Article III standing to sue in federal court.  *See Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (U.S. Apr. 27, 2015).  The Court's decision in *Spokeo* may address whether a plaintiff has standing to assert a cause of action for statutory damages under the TCPA regardless of whether the plaintiff suffered actual harm.  The FCC appeal, on the other hand, may address the FCC's rules regarding a caller's revocation of consent to receive further calls under the TCPA.  *Sirius XM Radio Inc. v. FCC*, No. 15-1218 (D.C. Cir. Sept. 21, 2015).

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery.  *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).  In exercising this discretion, courts may, for good cause, extend the time for when an act must be done within a specific time if the request is made before the original time for its extension expires.  Fed. R. Civ. P. 6(b)(1)(A).  Similarly, a court may stay discovery if the movant demonstrates good cause and reasonableness.  Fed. R. Civ. P. 26(c)(1); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).  However, motions to stay discovery are not favored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."  *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted).

**ANALYSIS**

Plaintiff served her discovery requests on Defendant on December 12, 2015. Here, Defendant requests an extension of time to provide its responses and objections to Plaintiff's discovery requests until after the Court rules on Defendant's Motion to Stay. (Dkt. 27.) Specifically, Defendant contends that the outcomes of the Supreme Court appeal and the FCC appeal will likely clarify issues central to this lawsuit. As such, Defendant argues that good cause exists to extend the time to respond to Plaintiff's discovery requests because Defendant will incur substantial and needless expense in responding to the requests if its Motion to Stay is granted. In response, Plaintiff contends that the pending decisions referenced in Defendant's Motion to Stay will not impact this lawsuit, and an extension of time to respond to discovery would unnecessarily delay discovery and waste time and resources. (Dkt. 28.)

Although the Court recognizes the interest in avoiding potentially unnecessary and costly discovery, this case does not present an appropriate opportunity to do so. Currently, Defendant's Motion to Stay remains pending before the District Court Judge, and there is no clear indication that the discovery requested would prejudice the parties. Therefore, the Court finds that Defendant has not met its burden of showing good cause, as it fails to show any specific prejudice or undue burden that would result from allowing discovery. Upon consideration, it is

**ORDERED** that Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests (Dkt. 27) is **DENIED**. Defendant must respond to Plaintiff's discovery

requests within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record